CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 23 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROY M. BECKNER, JR., )
) Civil Action No. 7:13CV00355
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Roy M. Beckner, Jr., was born on April 17, 1975. Mr. Beckner eventually received a high school diploma in a special education setting. Plaintiff has been employed as a dishwasher, line worker in a furniture manufacturing operation, custodian, and lawn care worker. He last worked on a regular and sustained basis in 2006. On May 21, 2010, Mr. Beckner applied for a period of disability and disability insurance benefits. On June 14, 2010, he filed a claim for

supplemental security income benefits. In claiming entitlement to social security benefits, Mr. Beckner alleged that he became disabled for all forms of substantial gainful employment on August 31, 2006, due to obesity; bilateral knee pain and weakness; severe insomnia; learning disabilities; memory problems; arthritis in both ankles; pain in right wrist; and back pain. He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Beckner met the insured status requirements of the Act through the fourth quarter of 2008, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2008. See, gen., 42 U.S.C. § 423(a).

Mr. Beckner's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 25, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Beckner experiences severe impairments on the bases of obesity and borderline intellectual functioning. The Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity for a limited range of light work. The Law Judge assessed Mr. Beckner's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can perform no repetitive foot controls with the right lower extremity. The claimant can occasionally climb. He cannot kneel or crawl. The claimant cannot work around heights or hazards. He is limited to simple, routine, repetitive unskilled work that does not involve any reading or writing. The claimant cannot work around the public and can occasionally work around coworkers and supervisors.

2

(TR 17). Given such a residual functional capacity, and after considering Mr. Beckner's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Beckner is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Beckner has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Beckner suffers from obesity and related musculoskeletal problems, as well as borderline intellectual functioning. While the Law Judge determined that plaintiff retains sufficient physical underlying capacity for light exertion, a consultative evaluation performed by Dr. William Humphries on May 21, 2007

3

establishes residual functional capacity for no more than sedentary work. (TR 348). In any event, the court concludes that the medical record establishes that plaintiff's mental deficiency, and associated work-related limitations, have now become so severe as to prevent performance of any work roles for which the plaintiff is otherwise physically capable. The court concludes that the undisputed evidence establishes that, by the time of a psychological study performed on December 20, 2011, Mr. Beckner's pain disorder, borderline intellectual functioning, and obesity combined so as to render him disabled for all forms of substantial gainful employment. The court concludes that the Administrative Law Judge's decision to the contrary is not supported by substantial evidence.

It is undisputed that Mr. Beckner has suffered from intellectual deficiency his entire life. The state disability agency commissioned a consultative psychological evaluation which was performed by Dr. Jeffrey B. Luckett on June 8, 2007. Based on results from a clinical interview, and psychological testing, Dr. Luckett diagnosed borderline intellectual functioning, pain disorder, and obesity. The psychologist assessed plaintiff's GAF as 62.[1] Dr. Luckett opined that plaintiff's mental health problems were not so severe as to prevent performance of the work roles for which he was otherwise physically capable. (TR 359).

Apparently in conjunction with the adjudication of plaintiff's current claims for social security benefits, the state disability agency referred Mr. Beckner for a second psychological study. The second study was performed by Dr. Bruce Sellers on December 20, 2011, about four and one-half years after Mr. Beckner was seen by Dr. Luckett. After considering the earlier psychological

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

4

testing by Dr. Luckett, including a determination of a full-scale IQ of 70, as well as the results from his own clinical interview, Dr. Sellers offered the following diagnoses:

| | |
|---|---|
| AXIS I | Pain disorder associated with both psychological factors and general medical condition |
| AXIS II | Borderline intellectual functioning |
| AXIS III | Obesity, degenerative joint disease, chronic lumbar strain, hypertension, thyroid dysfunction |
| AXIS IV | Limited support system, unemployed |
| AXIS V | GAF = 45 |

(TR 418).[2] Dr. Sellers also completed a medical statement of plaintiff's mental ability for work-related activities. Dr. Sellers noted moderate impairment in plaintiff's capacity to understand, remember, and carry out simple instructions. The psychologist reported moderate impairment in plaintiff's ability to make judgments on simple work-related decisions. Dr. Sellers listed extreme impairment in plaintiff's capacity to process complex instructions. The psychologist reported extreme impairments in plaintiff's ability to interact with the public, supervisors, and co-workers. Dr. Sellers noted extreme impairment in plaintiff's ability to respond to work situations and changes. At the time of the administrative hearing, when asked to consider the work-related limitations identified by Dr. Sellers, the vocational expert testified that there would be no jobs that Mr. Beckner could be expected to perform. (TR 75-76).

The Administrative Law Judge stated that she accorded some weight to the opinion of Dr. Sellers. (TR 19). However, despite the fact that Dr. Luckett had seen Mr. Beckner more than four

---

[2] A GAF score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

5

years earlier, the Law Judge concluded that Dr. Luckett's opinions were entitled to greater weight. The Law Judge formulated her findings as to residual functional capacity based on Dr. Luckett's assessment. (TR 19).

The court finds absolutely no basis in the evidence in support of the rejection of Dr. Sellers' psychological findings. In weighing the evidence, the Law Judge stated that Dr. Sellers' assessment of plaintiff's work-related limitations was inconsistent with Mr. Beckner's actual vocational record. However, as noted above, the Law Judge's reasoning was oblivious to the fact that plaintiff last worked on a regular and sustained basis more than four years before he was seen by Dr. Sellers. In her memorandum in support of her motion for summary judgment, the Commissioner points out that the opinions from the nonexamining state agency psychologists suggest less pronounced work-related limitations than those identified by Dr. Sellers. Even putting aside the fact that the state agency psychologists did not personally interview Mr. Beckner, the court concludes that the evidence does not support the Law Judge's rejection of Dr. Sellers' report based on the reviews conducted by the state agency psychologists. The record reveals that at the time the state agency psychologists reviewed the record, Dr. Sellers' psychological assessment had not yet been received and made part of the evidence to be reviewed. Thus, under the circumstances, the opinions of the state agency psychologists do not impugn the findings and opinions of Dr. Sellers.

The simple facts are that the state disability agency commissioned Dr. Sellers to assess Mr. Beckner's condition, and that the assessment establishes that plaintiff's combination of physical, intellectual, and emotional impairments has now deteriorated to such an extent as to prevent all reasonable forms of work activity. The court concludes that Mr. Beckner has met the burden in establishing that he has become disabled for all forms of substantial gainful employment.

6

The real question in this case concerns the date of disability onset. As previously noted, plaintiff met the insured status requirements of the Act only through December 31, 2008. The consultative psychological report from Dr. Luckett establishes that plaintiff's condition had not progressed to a disabling level of severity as of the date of the examination on June 8, 2007. Based on the evidence available for review, it does not appear that Mr. Beckner received regular medical treatment between June 8, 2007 and December 31, 2008. The reports from the intervening period which are available do not suggest the existence of a totally disabling combination of impairments. Accordingly, the court concludes that Mr. Beckner has failed to establish that he became disabled at any time prior to the termination of his insured status. It follows that the Commissioner's denial of plaintiff's claim for disability insurance benefits must be affirmed. See 42 U.S.C. § 423(a). However, based on Dr. Sellers' psychological study of December 29, 2011, the court concludes that Mr. Beckner had become disabled for all forms of substantial gainful employment as of the date of his application for supplemental security income benefits.

On appeal to this court, Mr. Beckner argues that the psychological report of Dr. Luckett establishes disability as of the date of the examination on June 8, 2007. Notwithstanding Dr. Luckett's determination that Mr. Beckner could engage in work activity as of the time of the examination, plaintiff notes that the psychologist determined that plaintiff possessed a full scale IQ of 70 and a verbal IQ score of 69. Inasmuch as it is undisputed that plaintiff's obesity results in significant work-related limitation of function, Mr. Beckner maintains that Dr. Luckett's report

establishes the existence of a limited impairment under Rule 12.05(C) of Appendix 1 to Subpart P of the Administrative Regulations Part 404.[3]

While plaintiff's argument under the listing presents a close question, the court is unable to conclude that Mr. Beckner has met the burden in establishing that he suffered from an impairment as contemplated under the mental retardation listing. Although it is undisputed that plaintiff experiences IQ measurements of 70 or less, and a physical impairment which imposes additional and significant work-related limitation of function, the court concludes that plaintiff's evidence does not establish that he meets the other requirements of the listing. Under the prefatory language to the listing, it is provided as follows:

> 12.05 <u>Mental retardation</u>: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; <u>i.e.</u>, the evidence demonstrates or supports onset of the impairment before age 22.

In the instant case, there is no evidence of deficits in adaptive functioning manifested during the developmental period. Indeed, as outlined above, the medical evidence indicates a gradual worsening in the manifestations of plaintiff's physical, intellectual, and emotional impairments. Stated differently, the court is constrained to agree with the Commissioner's finding that Mr. Beckner does not experience mental retardation within the meaning of the listing under Rule 12.05.

In summary, the court has found substantial evidence to support the Commissioner's denial of plaintiff's claim for disability insurance benefits. Accordingly, the final decision of the Commissioner as regards this application for benefits must be affirmed. <u>Laws v. Celebrezze</u>, 368 F.2d 640 (4th Cir. 1966). As to that portion of the case dealing with plaintiff's application for

---

[3] If a claimant suffers from an impairment listed under Appendix 1, the claimant is deemed to be disabled for all forms of substantial gainful employment without consideration of factors such as age, education, and prior work experience. <u>See</u> 20 C.F.R. § 404.1520(d) and 416.920(d). Under Rule 12.05(C) of Appendix 1, a mentally retarded claimant who possesses an IQ of 70 or less, and who experiences another impairment which imposes significant, work-related limitation of function, satisfies listing criteria.

supplemental security income benefits, the court has found that the Commissioner's final decision denying benefits is not supported by substantial evidence, and that plaintiff has met the burden of proof in establishing disability for all forms of substantial gainful employment as of the date of his application for supplemental security income benefits. However, inasmuch as the current record does not establish plaintiff's entitlement to supplemental security income benefits under the remaining financial eligibility provisions of that benefit program, plaintiff's claim for such benefits shall be remanded for a determination of eligibility under the remaining criteria. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 23rd day of July, 2014.

　　　　　　　　　　　　　　　　　　　　／s／ Glen Conrad
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge